UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA M. KIAKOMBUA, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No. 19-cv-1872 (KBJ) |
| KEVIN K. McALEENAN, *in his official capacities as Acting Secretary of Homeland Security & U.S. Commissioner of Customs & Border Protection*, *et al.*, | ) |
| Defendants. | ) |

## SCHEDULING ORDER

On July 9, 2019, the parties appeared by telephone for a status conference before this Court. Thereafter, the Court entered an Order requiring the parties to file any motions relating to the government's production of the administrative record (*see* Min. Order of July 9, 2019), and the parties submitted filings and proposed orders in response (*see* Pls.' Mot. for Order Regarding the Admin. Record, ECF No. 19; Defs.' Response to Pls.' Mot. Regarding the Admin. Record, ECF No. 20). Upon consideration of the representations that the parties made during the teleconference and in their filings, it is hereby

**ORDERED** that the production of the administrative record in this case shall proceed as follows:

1. Defendants shall serve the administrative record and index to Plaintiffs on or before **July 25, 2019**. Contemporaneous with its service of these materials, Defendants shall provide one or more certifications, based on

1

personal knowledge, attesting that the documents constitute a true, correct, and complete copy of the whole record that was before the relevant decisionmaker(s), including all documents and materials considered directly or indirectly. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("Rather than submitting a privilege log, on APA review, the agency must submit '[p]roper certification' that the record is complete[.]" (first alteration in original)); *see also* 5 U.S.C. § 706.

2. Plaintiffs shall complete their review of the administrative record and communicate any concerns to Defendants in writing on or before **July 29, 2019**.

3. The parties shall meet and confer in good faith to resolve any record disputes amongst themselves by no later than **July 31, 2019**.

It is

**FURTHER ORDERED** that, if the parties are unable to resolve any record disputes, the parties shall adhere to the following briefing schedule to present any such disputes to this Court for prompt resolution:

1. Plaintiffs shall file any motion to complete, compel, or supplement the administrative record on or before **August 5, 2019**.

2. Defendants shall file any response on or before **August 12, 2019**.

3. Plaintiffs shall file any reply on or before **August 16, 2019**.

It is

**FURTHER ORDERED** that the briefing related to the parties' anticipated cross-motions for summary judgment shall proceed as follows:

1. Defendants shall file their motion for summary judgment, which shall be no more than 55 pages in length, on or before **August 15, 2019**.[1]

2. Plaintiffs shall file their combined opposition and cross-motion for summary judgment, which shall be no more than 55 pages in length, on or before **September 5, 2019**.

3. Defendants shall file their combined opposition and reply, which shall be no more than 35 pages in length, on or before **September 26, 2019**.

4. Plaintiffs shall file their reply, which shall be no more than 35 pages in length, on or before **October 10, 2019**.

As discussed at the telephonic status conference, the parties' summary judgment briefing shall address the two distinct legal issues that are presently before this Court: first, this Court's jurisdiction to enter a stay of removal for any individual plaintiffs during the pendency of this Court's consideration of a claim brought under section 1252(e)(3) of Title 8 of the United States Code (*see* Order Granting Temporary Stay of Removal, ECF No. 18); and second, the merits of Plaintiffs' challenge to the April 30, 2019 "Lesson Plan" (*see* Am. Compl., ECF No. 6). As to the stay issue, the parties' summary judgment briefs should address, at a minimum, whether a temporary stay during the pendency of a section 1252(e)(3)

---

[1] At the telephonic status conference, the parties agreed that Defendants need not file an answer prior to filing the motion for summary judgment. (*See* Tr. of July 9, 2019 Telephonic Status Conference, at 13:1–13:21.) *See* F. R. Civ. P. 56(b) (providing that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery"); *see also* F. R. Civ. P. 12(a)(2) (requiring the government to answer a complaint within 60 days of service).

challenge qualifies as "declaratory, injunctive, or other equitable relief[,]" 8 U.S.C. § 1252(e)(1)(A), within the meaning of section 1252.  *Cf. Nken v. Holder*, 556 U.S. 418, 426–32 (2009) (discussing whether an appellate court's stay of removal pending appeal is a form of injunctive relief within the meaning of 8 U.S.C. § 1252(f)).  As to the merits, the parties' summary judgment briefs should address, at a minimum, the scope of the relief that this Court is statutorily authorized to order if Plaintiffs succeed in their section 1252(e)(3) challenge.  The parties may include in their briefs any other arguments in support of their positions, and nothing about this Order limits the scope of any arguments that the parties choose to advance in relation to either issue before this Court.

It is

**FURTHER ORDERED** that a motion hearing regarding the parties' cross motions for summary judgment is set for **October 22, 2019** at **10:00 AM**, in Courtroom 17.

DATE:  July 10, 2019

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge