UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARIA M. KIAKOMBUA, *et al.*, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-cv-1872 (KBJ) |
| KEVIN K. McALEENAN, *in his official capacities as Acting Secretary of Homeland Security & U.S. Commissioner of Customs & Border Protection, et al.*, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM OPINION AND ORDER
# DENYING PLAINTIFFS' MOTION TO COMPEL

On July 10, 2019, this Court entered a Scheduling Order that, among other things, required defense counsel to prepare a certification regarding the contents of the administrative record. (Scheduling Order, ECF No. 22, at 1–2 (ordering a statement attesting to the fact that, "based on personal knowledge, . . . the documents constitute a true, correct, and complete copy of the whole record that was before the relevant decisionmaker(s), including all documents and materials considered directly or indirectly"); *see also* Pls.' Mot. Regarding the Admin. R., ECF No. 19; Defs.' Resp. to Pls.' Mot. Regarding the Admin. R., ECF No. 20.) Defendants subsequently served on Plaintiffs a "Certified Index to [the] Administrative Record"; the non-publicly available documents listed in that index; and a "Certification of the Administrative Record" (hereinafter "Certification") that was signed by the Deputy Chief of the Asylum Division of the U.S. Citizenship and Immigration Services ("USCIS"), Ashley B.

Caudill-Mirillo. (Pls.' Mot. to Compel, ECF No. 24, at 4.) In the Certification, Ms. Caudill-Mirillo states:

> I certify that, to the best of my personal knowledge, information, and belief, the documents listed in the attached index are contained in the administrative record. I further certify that, to the best of my personal knowledge, information, and belief, the documents listed in the attached index constitute a true, correct, and complete copy of the whole record of non-privileged documents that were before the relevant decisionmaker(s), including all documents and materials considered directly or indirectly, in issuing the April 30, 2019, "Credible Fear of Persecution and Torture Determinations" Lesson Plan. The copy of the physical administrative record prepared by USCIS for use in this litigation does not include publicly available statutes, regulations, legislation, case law, Federal Register notices, and international treaties.

(Ex. A to Pls. Mot. to Compel, ECF No. 24-3, at 2.)

Before this Court at present is Plaintiffs' Motion to Compel Defendants to "comply with the Court's Scheduling Order or, in the alternative, to produce a privilege log of documents [Defendants] excluded from the record on privilege grounds." (Pls.' Mot. to Compel at 2.) The thrust of Plaintiffs' motion is that Defendants have failed to comply with the Court's Scheduling Order, because Ms. Caudill-Mirillo's certification verifies the administrative record documents "to the best of [her] personal knowledge, information, and belief[,]" rather than "based on personal knowledge," as the Court's Scheduling Order requires. (*Id.* at 1.) For the reasons explained below, this Court is satisfied that Defendants have complied with the certification requirements of the Court's Scheduling Order and will not require any additional action at this time. Therefore, Plaintiffs' Motion to Compel will be **DENIED**.

I.

Generally speaking, certification is a method of verifying the authenticity of proffered evidence used in legal proceedings. *See, e.g.*, Fed. R. Evid. 803(6)(D)

2

(authorizing the admission of records of regularly conducted activity upon certification); Fed. R. Evid. 902 (allowing the admission of various forms of certified records as self-authenticating). In the world of administrative law, "there is no legal authority compelling the defendants to certify an administrative record in the first instance[.]" *Cty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 77 (D.D.C. 2008). However, judges do require that some form of official certification accompany administrative record materials. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("Rather than submitting a privilege log, on APA review, the agency must submit '[p]roper certification' that the record is complete, which serves as 'formal representation by the [agency]' that it duly evaluated all predecisional documents before excluding them from the record." (alterations in original)).

Notably, no standard or pattern certification language has been established with respect to administrative records; all that is presently required is a "'[p]roper certification' that the record is complete[.]" *Id.* (first alteration in original). For example, courts have found certification to be proper where the certifying authority merely states: "I hereby certify that the annexed is a true copy of the administrative record[.]" *See, e.g., id.* (certification language drawn from Ex. 2 to Defs.' Notice of Admin. R. & Certified List of Admin. R. Docs., 15-cv-1220, ECF No. 7-2, at 2). Likewise, the statement that, "to the best of my knowledge, the attached documents constitute a true and correct copy of materials relating to the captioned case," has been found to suffice. *See, e.g., Banner Health v. Sebelius*, 945 F. Supp. 2d 1, 18 (D.D.C. 2013), *vacated in part on other grounds*, No. 10-cv-1638, 2013 WL 11241358 (D.D.C. July 30, 2013) (certification language drawn from Ex. E to Pls.' Renewed Mot. to

3

Compel Def. to File the Complete Admin. R. and to Certify Same, 10-cv-1638, ECF No. 60-5, at 2; Ex. F to Pls.' Renewed Mot. to Compel, 10-cv-1638, ECF No. 60-6, at 2)).

II.

Here, the relevant government official has certified the administrative record "to the best of [her] personal knowledge, information, and belief" (Ex. A to Pls.' Mot. to Compel at 2), which, in this Court's view, is virtually indistinguishable from a certification "based on personal knowledge" (Scheduling Order at 1). Moreover, it is by now well established that the actions of an administrative agency—including its actions when it compiles the administrative record—are entitled to a presumption of regularity. *See Stand Up for California! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 123 (D.D.C. 2014); *Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006). This means that, absent clear evidence of bad faith or gross impropriety, it is presumed that the agency's actions in compiling the record are procedurally valid. *See Stand Up for California!*, 71 F. Supp. 3d at 124 (requiring "bad faith or other gross procedural irregularity" to overcome the presumption of regularity); *see also Banner Health*, 945 F. Supp. 2d at 18 (finding no authority for the proposition that a "purportedly inadequately worded certification" or "absence of a certification" defeats the presumption of regularity).

The administrative record at issue in this case has been duly certified by a government official whose title suggests that she is in a position to have the requisite knowledge regarding the materials at issue. (*See* Ex. A to Pls.' Mot. to Compel at 2.) What is more, the agency that has been tasked with compiling the administrative record is presumed to have proceeded in the regular course when it gathered, reviewed, and

4

provided all of the non-privileged records that were before the relevant decisionmaker, consistent with the Certification. Therefore, this Court sees no reason to question or doubt Defendants' compliance with the Court's July 10, 2019, Scheduling Order at this time.

The cases that Plaintiffs rely upon in their motion to compel do not persuade the Court that more is required with respect to the government's actions and representations, largely because the cases Plaintiffs point to pertain to certifications that were submitted *in the context of a motion for summary judgment*, rather than those that courts have required when agencies prepare an administrative record. (*See* Pls.' Mot. to Compel at 6–7 (citing *Harris v. Gonzales*, 488 F.3d 442 (D.C. Cir. 2007), *Londrigan v. FBI*, 670 F.2d 1164 (D.C. Cir. 1981), and *United States ex rel. Folliard v. Govplace*, 930 F. Supp. 2d 123, 128–29 (D.D.C. 2013)).) The affidavits and declarations that accompany motions for summary judgment are not only compelled by law to be "made on personal knowledge," Fed. R. Civ. P. 56(c)(4), but they are also treated as evidentiary support with respect to the existence of material facts, and thus necessarily require a more substantial attestation regarding the declarant's level of personal knowledge. This Court is unaware of any precedent for applying the standards of Rule 56 to an agency's certification of the administrative record, and Plaintiffs point to none.

Plaintiffs' alternative request—*i.e.*, that the Court require Defendants to compile a "privilege log" that lists "documents they excluded from the record on privilege grounds" (Pls.' Mot. to Compel at 2)—fares no better. "[S]ince privileged and deliberative materials are not part of the administrative record as a matter of law, efforts in APA cases to obtain access to, or logs of, such materials are properly

5

analyzed under the standard applicable to disclosure of extra-record material." *Stand Up for California!*, 71 F. Supp. 3d at 123. Thus, "to obtain a log of privileged and deliberative materials excluded from the administrative record, plaintiffs must overcome, with clear evidence, the presumption of regularity in the agency proceedings by showing bad faith or other exceptional circumstances." *Id.* (citing *Conservation Force v. Ashe,* 979 F. Supp. 2d 90, 99 (D.D.C. 2013)); *see also Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Human Servs.*, 631 F. Supp. 2d 23, 28 (D.D.C. 2009) ("Since the agency is entitled to a presumption that it has properly designated the documents, and no bad faith or improper motive has been alleged or proven, defendants are not required to provide plaintiffs with a privilege log detailing the documents."). And here, Plaintiffs have made no such showing.

Furthermore, and in any event, producing a privilege log would not appear to remedy Plaintiffs' purported concern that Defendants will "later seek to alter [the administrative record's] contents" (Pls.' Mot. to Compel at 9), because items identified as privileged would never have been included in an administrative record in the first place, *see, e.g.*, *Am. Petrol. Tankers Parent, LLC v. United States*, 952 F. Supp. 2d 252, 265 (D.D.C. 2013) ("It is well established in this District that materials protected by the deliberative process privilege are not part of the Administrative Record for purposes of review of agency action." (citation omitted)); *Pub. Emps. for Envtl. Responsibility v. Beaudreu*, No. 10-cv-1067, 2013 WL 12193038, at *3 (D.D.C. May 16, 2013) ("In this Circuit, [deliberative] materials are, as a matter of law, not a part of the administrative record."). In other words, Defendants cannot, and would not, seek to include such materials at a later date, so having a log of such excluded documents is not a cure for

6

Plaintiffs' concerns.

If the potential problem that has motivated Plaintiffs to file a motion to compel either a more robust certification or a privilege log is that Defendants may later seek to introduce and rely upon *new* record documents, despite having certified that the administrative record is complete (*see* Pls.' Mot. to Compel at 9), it is clear that the law discourages such practice, *see, e.g.*, *Safari Club Int'l v. Jewell*, 111 F. Supp. 3d 1, 4 (D.D.C. 2015) ("Supplementing administrative records in APA cases is the exception, not the rule."), and both parties are now on notice that this Court will enforce the law. Defendants have duly certified that the administrative record that was served on Plaintiffs on July 25, 2019, is "a true, correct, and complete copy of the whole record of non-privileged documents that were before the relevant decisionmaker(s)" (Ex. A to Pls.' Mot. to Compel at 2); thus, the agency will have a steep hill to climb if at some later date it seeks to expand the record, even if the request is based on the alleged belated discovery of new information not personally known to the official who has provided the contested certification. *Cf. Attias v. Carefirst, Inc.*, 865 F.3d 620, 625 (D.C. Cir. 2017) (noting "the district court's position as master of its docket"); *Brune v. IRS*, 861 F.2d 1284, 1288 (D.C. Cir. 1988) ("The district court has 'broad discretion' in its handling of discovery[.]" (quoting *In re Multi–Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 679 (D.C. Cir. 1981))).

### III.

In presenting the administrative record at issue here, a government official has certified that, to the best of her knowledge, information, and belief, the record evidence that has been presented is "a true, correct, and complete copy of the whole record of

non-privileged documents that were before the relevant decisionmaker(s)[.]" (Ex. A to Pls.' Mot. to Compel at 2.) This Court will take the government at its word, and it hereby reminds the parties that, certification or no, agencies have a solemn duty to search for, collect, and compile *all* relevant and non-privileged records when an administrative record is presented. *See Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("[T]he APA requires review of 'the whole record.'" (quoting 5 U.S.C. § 706 (1982)); *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010) ("A court should consider neither more nor less than what was before the agency at the time it made its decision. It is the agency's responsibility to compile for the court all information it considered either directly or indirectly." (citations omitted)). Because this Court can, and will, enforce this obligation in the context of the instant case if the need arises, it sees no reason to require anything more at this time with respect to the government's representations regarding the content of the record that it has presented.

Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motion to Compel (ECF No. 24) is **DENIED**.

DATE: August 27, 2019

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge