UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA M. KIAKOMBUA, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 19-1872 (KBJ) |
| KEVIN K. McALEENAN, Acting Secretary of ) Homeland Security, et al., ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STRIKE EVIDENCE OUTSIDE OF THE ADMINISTRATIVE RECORD**

**INTRODUCTION**

Defendants move to strike the declarations and other extra-record evidence Plaintiffs have submitted in connection with their cross-motion for summary judgment to the extent such evidence might be used for anything other than demonstrating subject-matter jurisdiction, including standing. This matter involves Plaintiffs invoking 8 U.S.C. § 1252(e)(3) to challenge a credible fear Lesson Plan issued by U.S. Citizenship and Immigration Services ("USCIS"). Plaintiffs assert that the Lesson Plan is inconsistent with the immigration laws, including the Immigration and Nationality Act, violates the Administrative Procedure Act ("APA"), and violates the Due Process Clause. Am. Compl. ¶¶ 89-108 (ECF No. 6). The review of these claims is limited to the administrative record produced by Defendants to Plaintiffs, and for which Plaintiffs' time to challenge has expired. Yet in moving for summary judgment, Plaintiffs have submitted numerous materials outside that administrative record.

By submitting a plethora of declarations and other extra-record evidence, Plaintiffs attempt to make an end-run around the record rule, yet they have not demonstrated that any

1

extra-record evidence may be admitted. To the contrary, in adding to the administrative record the agency considered in making their policy decision, Plaintiffs transgress the mandate that courts are not to substitute their judgment for the judgment of the agency. Plaintiffs thus claim that the evidence is submitted for the "limited purpose" of arguing about the Court's Article III jurisdiction. Pls.' Mot. for Summary J. at 8 n.4 (ECF No. 38) ("Pls.' Br.").

However, Plaintiffs proceed to ignore their promise (and obligation) to hew their extra-record evidence to jurisdictional arguments, and instead cite to them on the merits. This is likely because none of their extra-record evidence is relevant to their jurisdictional arguments. Plaintiffs are instead using their extra-record evidence as a way to supplement the administrative record *sub silentio*. Accordingly, this Court should grant Defendants' motion and strike the extra-record evidence.

## BACKGROUND

As Plaintiffs concede, "this [is a] record review case." Pls.' Br. at 11. Accordingly, the Court set a schedule for Defendants to submit the administrative record and for the parties to brief any disputes concerning the record's contents. Scheduling Order (ECF No. 22). Other than Plaintiffs' unsuccessful challenges to the wording of Defendants' record certification and to the lack of a privilege log, *see* Memorandum Opinion & Order Denying Pls.' Mot. to Compel (ECF No. 32), Plaintiffs did not challenge any other aspect of the administrative record. Ironically, in briefing those challenges, Plaintiffs expressed concern that *Defendants* would "later seek to alter [the record's] contents." Pls.' Mot. to Compel at 9 (ECF No. 24).

Plaintiffs filed a cross-motion for summary judgment (ECF No. 36). Notwithstanding the limited scope of record review—including the strictures on supplementing the record and Plaintiffs' failure here to move to supplement the record—Plaintiffs submitted some 150 pages

of new material spanning 17 delineated exhibits (ECF No. 36-3). These exhibits include: declarations, including of non-parties, *see* Pls.' Exs. B-H; news articles, Pls.' Exs. I, N; White House public materials, Pls.' Exs. K-L; a USCIS memorandum that was not considered as part of the administrative record, Pls.' Ex. Q; and the acting USCIS director's tweets, Pls.' Ex. M.

Plaintiffs also cite several additional materials without acknowledging them as being outside the record, for instance: an "FAQ" on USCIS's website, Pls.' Br. at 7 n.2; an immigration court practice manual, *id.* at 8; and the instructions to another government form, *id.* at 3. Plaintiffs combined these new materials with 16 pages of "Undisputed Facts in Support of Their Cross-Motion for Summary Judgment" (ECF No. 36-2). The addition of each of these materials is inappropriate and should be struck. As a corollary, the Court should strike Plaintiffs' Statement of Facts.

## LEGAL STANDARD

If a party inappropriately includes evidentiary material in support of a motion, the court may strike that material. *See, e.g.*, *Oceana, Inc. v. Locke*, 674 F. Supp. 2d 39, 44-45 (D.D.C. 2009) (granting motion to strike testimony that post-dated the challenged agency decision); *Nat'l Wilderness Inst. v. U.S. Army Corps of Eng'rs*, No. 04-cv-10273, 2005 WL 691775 (D.D.C. Mar. 23, 2005) (same); *Cty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 78-79 (D.D.C. 2008) (denying motion to take judicial notice of report that post-dated the challenged agency action).

## ARGUMENT

Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). The function of the district court is to assess the lawfulness of the agency's action based on the reasons offered by the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S.

29, 50 (1983). "The Court's function in administrative-law cases is solely 'to determine whether or not as a matter of law the *evidence in the administrative record* permitted the agency to make the decision it did.'" *Otsuka Pharm. Co. v. Burwell*, 302 F. Supp. 3d 375, 389 (D.D.C. 2016) (K.B. Jackson. J.) (emphasis added), *aff'd sub nom. Otsuka Pharm. Co. v. Price*, 869 F.3d 987 (D.C. Cir. 2017). Thus, Plaintiffs may not create a new record for purposes of review of the merits of the Lesson Plan. *See* 5 U.S.C. § 706. Plaintiffs do not dispute the record rule and have not moved to depart from it, conceding that it applies to their claims. Pls.' Br. at 11.

      Plaintiffs have no basis to introduce these exhibits. *First*, a party may not supplement the record absent "a significant showing—variously described as a strong, substantial, or prima facie showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record," *Air Transp. Ass'n of Am. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487-88 (D.C. Cir. 2011), and may not rely on extra-record materials absent a showing of "bad faith or improper behavior on the part of the agency, or that, 'the record is so bare that it prevents effective judicial review.'" *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 198 (D.D.C. 2005) (citing *Commercial Drapery Contractors v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998) and *Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 58 (D.D.C. 2003)); *see also Children's Hosp. Ass'n of Tex. v. Azar*, 300 F. Supp. 3d 190, 202 (D.D.C. 2018) (extra-record material not properly part of record-review case absent showing of "gross procedural deficiencies—such as where the administrative record itself is so deficient as to preclude effective review"). No such bad faith or deficiencies have even been alleged and none exist. And of course, as part of its inherent authority to manage a litigation, the Court may set deadlines to make such challenges. The Court did so here, but that time has passed. Thus, Plaintiffs may not attempt to supplement the record.

*Second*, a court may consider evidence outside the record in determining its Article III jurisdiction. *See Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 174 (D.C. Cir. 2012). Plaintiffs acknowledge this "limited" exception, Pls.' Br. at 8 n.4, but then try to use their evidence for every purpose *except* for establishing Article III jurisdiction. Specifically, Plaintiffs cite their evidence:

- As part of their background section, purportedly to explain immigration law and to cast the Lesson Plan in a particular light not supported by the administrative record. *E.g.*, Pls.' Br. at 3, 7 n.2, 8. This is not an Article III jurisdictional issue; it is as Plaintiffs describe—background.

- To describe facts about Plaintiffs that are irrelevant to the standing issues in the case, particularly the traceability of their alleged injuries. *E.g.*, *id.* at 10, 21. This is not an Article III jurisdictional issue, because Plaintiffs do not actually apply or even refer to these facts in their brief's standing sections. *Id.* at 21-25. The facts also do not relate to Defendants' arguments against Plaintiffs' standing. *See* Defs.' Memo. of Law in Support of Mot. for Summary J. at 12-18 (ECF No. 31-1).

- To argue that the Lesson Plan is a "final" agency action, which is not an Article III jurisdictional issue. *See id.* at 27; *Viet. Veterans of Am. v. Shinseki*, 599 F.3d 654, 661 (D.C. Cir. 2010) ("We think the proposition that the review provisions of the APA are not jurisdictional is now firmly established.").

- To argue that the Lesson Plan is inconsistent with immigration law. *E.g.*, *id.* at 39. This is not an Article III jurisdictional issue; it is a § 1252(e)(3)(A)(ii) merits issue.

- To argue that the Lesson Plan is "arbitrary or capricious" because it allegedly changes the credible fear process without acknowledging as much, and because it allegedly failed to examine relevant data. *E.g.*, *id.* at 41-42, 43. These are APA merits issues, not Article III jurisdictional issues. *See Viet. Veterans of Am.*, 599 F.3d at 661.

- To argue that the Lesson Plan should have undergone notice-and-comment rulemaking, as the APA purportedly requires. *E.g.*, *id.* at 44-45. This is an APA merits issue, not an Article III jurisdictional issue. *See Viet. Veterans of Am.*, 599 F.3d at 661.

Plaintiffs can proceed before this Court on the basis of the certified administrative record, or they can try to return to the agency to introduce new evidence and create a *new* record for review. But because the current administrative record is not "so deficient as to preclude effective review," *Hill Dermaceuticals, Inc. v. Food & Drug. Admin.*, 709 F.3d at 47, the Plaintiffs should not be permitted to construct a new record here before proceeding to summary judgment. As Judge Boasberg concluded last year: "it is only where there are '*gross procedural deficiencies*' that render the 'administrative record ... so deficient as to preclude judicial review; that a plaintiff may add more than the agency had before it." *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 41 (D.D.C. 2018) (citing *CTS Corp.*, 759 F.3d at 64; quoting *Hill*, 709 F.3d at 47); *see also Esch v. Yuetter*, 876 F.2d 976, 992 (D.C. Cir. 1989) (permitting supplementation only where the agency "failed woefully in complying with the hearing requirement" such that "[n]one of the proceedings that did occur was conducted in a manner conducive to obtaining the relevant facts"); *United Student Aid Funds, Inc. v. Devos*, 237 F. Supp. 3d 1, 6 (D.D.C. 2017) (finding that lack of any evidence on key issue was a qualifying "gross procedural deficiency"). Here, on

the other hand, for the reasons already mentioned, the administrative record is sufficiently developed on the challenged points.

These cases demonstrate how Plaintiffs are using their new evidence not for the limited, permissible purpose of arguing Article III jurisdiction, but to evade the record rule and have this Court create a new administrative record. That is not how APA review works and their new evidence should therefore be stricken.[1] *See Texas Rural Legal Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991) ("[J]udicial review of informal agency rule-making is confined to the administrative record; neither party is entitled to supplement that record with litigation affidavits or other evidentiary material that was not before the agency.").

*Third*, Plaintiffs alternatively suggest in their motion for summary judgment that the Court may take judicial notice of some of these materials pursuant to Federal Rule of Evidence 201(b). Specifically, Plaintiffs ask for this treatment to apply to Defendants' "public statements"—and to those statements alone. Pls.' Br. at 10 n.7.

But the Court should not take judicial notice under these circumstances. *See* Fed. R. Evid. 201(e) (guaranteeing Defendants a hearing on this issue). To start, judicial notice is available only for adjudicative facts, not legislative facts. Fed. R. Evid. 201(a). Adjudicative facts are facts applied in the process of adjudication, whereas legislative facts "help the tribunal determine the content of law and of policy and help the tribunal to exercise its judgment or discretion in determining what course of action to take." *Ass'n of Nat. Advertisers, Inc. v. FTC*, 627 F.2d 1151, 1162 (D.C. Cir. 1979). Defendants' public statements are not adjudicative, as they are not

---

[1] Plaintiffs also use their "Statements of Fact" to repeat their legal arguments. The Court should strike this document for that reason as well, as preserving the integrity of the Court's page limits is an additional basis for the Court to strike. *See Al-Tamimi v. Adleson*, 916 F.3d 1, 6 (D.C. Cir. 2019) (prohibiting parties from incorporating arguments by reference as it may help the party "evade word limits").

7

specific to any one specific adjudicatory process. Rather, they are legislative, as they express more widely applicable statements of opinion, policy, procedure, or judgment. The Court has no basis to take judicial notice of these materials, which would be irrelevant anyway. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

*Fourth*, Local Civil Rule 7(h)(2) expressly notes that the requirement that a motion for summary judgment be accompanied by a statement of materials facts "shall not apply to cases in which judicial review is based solely on the administrative record." LCvR 7(h)(2). In lieu of that statement of facts, the parties must cite only to the administrative record. *Id.* Therefore, the Court should strike Plaintiffs' extraneous Statement of Facts on this basis.[2]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and: strike Plaintiffs' "Statement of Undisputed Facts" (ECF No. 36-2); strike Plaintiffs' exhibits (ECF No. 36-3); and decline to consider these materials and all other extra-record materials cited by Plaintiffs in support of their motion for summary judgment (ECF No. 36) or in opposition to Defendants' motion for summary judgment (ECF No. 31).

---

[2] Local Civil Rule 7(h)(2) also declares inapplicable the requirement that an opposition to a motion for summary judgment must include admit or deny the alleged statements of material fact. Therefore, Defendants had no obligation to admit or deny Plaintiffs' Statements of Fact in Defendants' opposition to Plaintiffs' cross-motion for summary judgment.

| | |
|---|---|
| Dated: September 26, 2019 | Respectfully submitted, |
| JESSIE K. LIU, D.C. BAR #472845<br>United States Attorney | JOSEPH H. HUNT<br>Assistant Attorney General |
| DANIEL F. VAN HORN, D.C. Bar # 924092<br>Chief, Civil Division | WILLIAM C. PEACHEY<br>Director |
| /s/ *Paul Cirino*<br>PAUL CIRINO<br>Assistant United States Attorney<br>Civil Division<br>U.S. Attorney's Office for<br>    the District of Columbia<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>Phone: (202) 252-2529<br>Email: paul.cirino@usdoj.gov | EREZ REUVENI<br>Assistant Director<br><br>/s/ *Steven A. Platt*<br>STEVEN A. PLATT<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Phone: (202) 532-4074<br>Fax: (202) 305-7000<br>Email: steven.a.platt@usdoj.gov<br><br>*Attorneys for Defendants* |