UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA M. KIAKOMBUA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 19-1872 (KBJ) |
| ) | |
| CHAD F. WOLF, Acting Secretary of ) | |
| Homeland Security,[1] et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this Response to Plaintiffs' Notice of Supplemental Authority (ECF No. 66). Neither the government's brief nor the court's decision in *Mehla v. Dep't of Homeland Security* bear on this case. *See Mehla v. Dep't of Homeland Sec.*, No. 19-cv-2245, 2019 WL 6611508 (S.D. Cal. Dec. 5, 2019).

Contrary to Plaintiffs' suggestion, the government's *Mehla* filing and the *Mehla* decision do not "directly contradict[]" Defendants' position in this case. Pls.' Notice of Supp. Authority at 2. Here, Defendants argue that the Credible Fear Lesson Plan is not the type of written document reviewable under 8 U.S.C. § 1252(e)(3)(A)(ii). Defendants have thoroughly—and, as Plaintiffs acknowledge, "repeated[ly]"—raised and explored this argument. Pls.' Notice of Supp. Authority at 2; *see* Defs.' Mot. for Summary J. at 18-24 (ECF No. 31); Defs.' Summary J. Reply at 5-11 (ECF No. 49). For instance, Defendants discussed how the Lesson Plan must be a

---

[1] Under Federal Rule of Civil Procedure 25(d), Acting Secretary of Homeland Security Chad F. Wolf is automatically substituted as a defendant for former Acting Secretary Kevin K. McAleenan.

"regulation, or a written policy directive, written policy guideline, or written procedure" to be reviewable under § 1252(e)(3)(A)(ii).

Far from suggesting that all so-called systemic challenges are justifiable in the District of Columbia, the government—and the district court—in *Mehla* simply suggested if that plaintiff's challenge was to proceed at all, it can proceed exclusively in this court. *See* 8 U.S.C. § 1252(a)(2)(A). But neither the government nor the court ever suggested in *Mehla* that such a challenge would actually satisfy the requirements of § 1252(e)(3).

Instead, the brief stated in conclusory fashion that the *Mehla* habeas petitioner's case belonged more in the District of Columbia federal court than in the Southern District of California, because it was a "systemic challenge." Pls.' Notice of Supp. Authority, Ex. A at 2, 4 (ECF No. 66-1). In support of this proposition, the brief cited a Ninth Circuit decision that states, in equally conclusory fashion, that § 1252(e)(3) "allows a systemic challenge to the expedited removal process." *Id.* at 4 (quoting *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1141 n.5 (9th Cir. 2008)); *see id.* ("§ 1252(e)(3) limits jurisdiction over general challenges to expedited removal procedures" (quoting *United States v. Barajas-Alvarado*, 655 F.3d 1077 (9th Cir. 2011))). Of course, as § 1252(e)(3)'s many textual requirements demonstrate and as Defendants have discussed at length, that description is not correct—§ 1252(e)(3) is much more targeted than simply permitting "systemic" or "general" challenges.[2] The government's *Mehla* habeas brief did not actually make the nuanced arguments required under § 1252(e)(3), much less contradict Defendants' § 1252(e)(3) arguments in this case. *See also Vijender & Mehla et al. v McAleenan*, No. 19-3337 (D.D.C. filed Nov. 5, 2019) (challenge to the credible fear Lesson

---

[2] To the extent the Ninth Circuit or the *Mehla* district court held that the only requirement for § 1252(e)(3) review is that the expedited-removal challenge be "systemic" or "general," such contradicts the statute and is not binding on this Court in any event.

Plan filed here by the *Mehla* petitioner after the Southern District of California dismissed his case).

The government's position has consistently been that the specific challenge raised here—a challenge to the credible fear Lesson Plan—is not justiciable under § 1252(e)(3). The Court should grant summary judgment to Defendants in accordance with the arguments they presented in this case.

Dated:   December 27, 2019                                  Respectfully submitted,

| | |
|---|---|
| JESSIE K. LIU, D.C. BAR #472845<br>United States Attorney | JOSEPH H. HUNT<br>Assistant Attorney General |
| DANIEL F. VAN HORN, D.C. Bar # 924092<br>Chief, Civil Division | WILLIAM C. PEACHEY<br>Director |
| PAUL CIRINO<br>Assistant United States Attorney<br>Civil Division<br>U.S. Attorney's Office for<br>    the District of Columbia<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>Phone: (202) 252-2529<br>Email: paul.cirino@usdoj.gov | EREZ REUVENI<br>Assistant Director<br><br>    /s/ *Steven A. Platt*<br>STEVEN A. PLATT<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Phone: (202) 532-4074<br>Fax: (202) 305-7000<br>Email: steven.a.platt@usdoj.gov<br><br>*Attorneys for Defendants* |