# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA M. KIAKOMBUA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 19-1872 (KBJ) |
| ) | |
| CHAD F. WOLF, Acting Secretary of ) | |
| Homeland Security,[1] et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING *GRACE V. BARR*

---

[1] Under Federal Rule of Civil Procedure 25(d), Acting Secretary of Homeland Security Chad F. Wolf is automatically substituted as a defendant for his predecessor.

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

BACKGROUND .............................................................................................................................1

ARGUMENT ..................................................................................................................................2

    I.      Jurisdiction..................................................................................................................2

           A.   "Policy Directive," "Policy Guidance," or "Procedure"..........................2

           B.   "Implement[ation]" of § 1225(b) .................................................................5

    II.     Remedies ...................................................................................................................6

    III.    Stay Pending Issuance of Mandate ........................................................................10

CONCLUSION..............................................................................................................................10

# TABLE OF AUTHORITIES

## <u>CASES</u>

*AILA v. Reno*,
  199 F.3d 1352 (D.C. Cir. 2000) ............................................................................. 8

*Coal. for Mercury-Free Drugs v. Sebelius*,
  671 F.3d 1275 (D.C. Cir. 2012) ............................................................................. 9

*\*Grace v. Barr*,
  No. 19-5013, 2020 WL 4032652 (D.C. Cir. July 17, 2020) ............................................ *passim*

*Grace v. Whitaker*,
  344 F. Supp. 3d 96 (D.D.C. 2018) ......................................................................... 9

*Hodgers-Durgin v. de la Vina*,
  199 F.3d 1037 (9th Cir. 1999) ............................................................................. 9

*Lewis v. Casey*,
  518 U.S. 343 (1996) ..................................................................................... 9

*L.M.-M. v. Cuccinelli*,
  No. 19-cv-2676, — F. Supp. 3d —, 2020 WL 985376 (D.D.C. Mar. 1, 2020) ..................... 7, 8

*Matter of A-B-*,
  27 I. & N. Dec. 316 (A.G. 2018) ......................................................................... 1

*Monsanto Co. v. Geertson Seed Farms*,
  561 U.S. 139 (2010) ..................................................................................... 7

*O.A. v. Trump*,
  404 F. Supp. 3d 109 (D.D.C. 2019) ....................................................................... 7

*Shays v. FEC*,
  414 F.3d 76 (D.C. Cir. 2005) ............................................................................. 6

## <u>STATUTES</u>

5 U.S.C. § 704 ............................................................................................. 3

5 U.S.C. § 706(2) ......................................................................................... 3

5 U.S.C. § 551(4) ......................................................................................... 3

5 U.S.C. § 551(5) ......................................................................................... 3

5 U.S.C. § 551 (13) ............................................................................................................... 3

8 U.S.C. § 1158 .................................................................................................................... 5

8 U.S.C. § 1158(a) ............................................................................................................... 1

8 U.S.C. § 1225(b) ......................................................................................................... 1, 3, 5

8 U.S.C. § 1252(e)(3) ..................................................................................................... 1, 2, 3

8 U.S.C. § 1252(e)(3)(A)(ii) .............................................................................................. 4, 5

8 U.S.C. §§ 1221-1232 ......................................................................................................... 2

28 U.S.C. § 1331 .................................................................................................................. 3

## FEDERAL RULES OF APPELLATE PROCEDURE

Fed. R. App. 35 .................................................................................................................. 10

Fed. R. App. 40 .................................................................................................................. 10

Fed. R. App. 40(a)(1)(B) .................................................................................................... 10

Fed. R. App. 41(b) ............................................................................................................. 10

Fed. R. App. 41(d) ............................................................................................................. 10

## FEDERAL RULE OF CIVIL PROCEDURE

Federal Rule of Civil Procedure 25(d) .................................................................................. i

## REGULATIONS

28 C.F.R. § 0.20(a).............................................................................................................. 10

28 C.F.R. § 0.20(b) .............................................................................................................10

## INTRODUCTION

Defendants respectfully file this brief regarding *Grace v. Barr*, No. 19-5013, 2020 WL 4032652 (D.C. Cir. July 17, 2020), "informing this Court of the import of that decision on the instant dispute," Order of July 8, 2020. *Grace* largely does not affect the issues in this case. It does not, for example: afford Plaintiffs the standing they lack; establish that the Lesson Plan at issue in this case is agency action, that it is final, or that it is a substantive "rule"; demonstrate that the Lesson Plan is somehow inconsistent with the immigration laws; or disconnect Plaintiffs' due process claim from the statutory claims on which the due process claim rises and falls. *See generally* Memo. of Law in Support of Def.'s Motion for Summary J. ("Defs.' S.J. Br.") (ECF No. 31-1); Defs.' Memo. of Law in Opp. to Pls.' Cross-Mot. for Summary J. & Reply in Supp. of Defs.' Mot. for Summary J. Reply ("Defs.' S.J. Reply") (ECF No. 49). What *Grace* does do is affect some of the jurisdictional and remedial issues in this case, as explained below. These impacts do not impede the Court from ruling in Defendants' favor. In any event, as explained below, the Court should stay the case until the mandate issues in *Grace*. This would account for the possibility that either party might seek further review of the panel's decision.

## BACKGROUND

*Grace* presents a novel use of 8 U.S.C. § 1252(e)(3)—a provision permitting challenges in D.C. federal district court to changes to expedited-removal procedures under 8 U.S.C. § 1225(b)—to challenge the Attorney General's decision in *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), interpreting the asylum statute, 8 U.S.C. § 1158(a), and a U.S. Citizenship and Immigration Services' ("USCIS") Policy Memorandum implementing the Attorney General's decision. On July 17, 2020, a divided panel of the D.C. Circuit issued its decision in *Grace*, affirming in part and reversing in part the district court. 2020 WL 4032652, at *18. Two of the

case's holdings are relevant here. *First*, the panel held that 8 U.S.C. § 1252(e)(3) provided

jurisdiction over the plaintiffs' claims. *Id.* at *4-8. The panel reasoned that *A-B-* "implemented"

section 1225(b)(1) because *A-B-* directed "asylum officers" to follow it, and because it cited and

discussed the "standard to determine whether an alien has a credible fear of persecution." *Id.* at

*7. As to the USCIS policy memorandum, the panel reasoned that it "describes itself as a 'policy

memorandum' that 'provides guidance' to USCIS officers" on how to "operationalize" *A-B-* in

credible-fear interviews, and so implements section 1225(b)(1) because it provides "guidance"

on implementing "the credible-fear definition [which] itself encompasses the substantive

requirement that an alien demonstrate a 'significant possibility' of asylum eligibility." *Id.* at *5.

    *Second*, the panel held that § 1252 did not bar injunctive relief. *Id.* at *17-18. The panel

read § 1252(f)(1)—which provides that the lower courts have no jurisdiction "to enjoin or

restrain the operation of the provisions of [8 U.S.C. §§ 1221-1232], . . . other than with respect to

the application of such provisions to an individual alien against whom proceedings under such

part have been initiated"—did not bar injunctive relief because § 1252(f)(1) "refers only to 'the

operation of the provisions'—i.e., the statutory provisions themselves, and thus places no

restriction on the district court's authority to enjoin *agency action* found to be unlawful." *Id.* at

*17. And the panel concluded that § 1252(e)(1)(A)—which provides that "no court may . . . enter

declaratory, injunctive, or other equitable relief in an action pertaining to an order to exclude an

alien in accordance with section 1225(b)(1) of this title except as specifically authorized in a

subsequent paragraph of this subsection"—did not bar injunctive relief because it applied only to

"action[s] pertaining to an order to exclude an alien in accordance with section 1225(b)(1)," that

is, claimed under § 1252(e)(2), and "not to the kind of challenge we face here, namely, a

'[c]hallenge[ ] on [the] validity of the [expedited-removal] system.'" *Id.* (quoting 8 U.S.C.

2

§ 1252(e)(3) (alterations in original)). But the panel vacated the injunction, reasoning that, "unlike the district court, which in addition to finding the condoned-or-completely-helpless standard and choice-of-law policy arbitrary and capricious, enjoined them as contrary to law, we have not reached the latter issue. Instead, our decision rests on the agency's failure to satisfy the APA's requirement of reasoned decisionmaking" and "nothing in this opinion necessarily precludes USCIS or the Attorney General from attempting to remedy deficiencies in their explanations for these challenged policies and reissuing them." *Id.* at *18.

Judge Henderson dissented, explaining her reading of § 1252 was that it precluded jurisdiction over all of Plaintiffs' claims. *Id.* at *18-26 (Henderson, J., dissenting). She predicted the panel's decision would result in "overreach" and "judicial interference with the immigration system" in future cases. *Id.* at *19.

## ARGUMENT

### I.   Jurisdiction.

*Grace* affects the parties' jurisdictional arguments in two ways: (1) whether the Lesson Plan is a "policy directive," "policy guidance," or "procedure," and (2) whether the Lesson Plan "implements" 8 U.S.C. § 1225(b).

#### A.  "Policy Directive," "Policy Guidance," or "Procedure."

Plaintiffs have the burden to show that the Lesson Plan is the type of document over which Congress permits judicial review. Plaintiffs urge the Court to find jurisdiction under 8 U.S.C. § 1252(e)(3).[2] Such a conclusion would permit Plaintiffs to invoke the Administrative

---

[2] Plaintiffs have also argued that they can invoke 28 U.S.C. § 1331 as a source of jurisdiction and APA as a cause of action. In that case, they must show the Lesson Plan is a final "rule," which is a statutory term of art. *See* 5 U.S.C. §§ 704, 706(2), 551(4), (5), (13); *see* Defs.' S.J. Br. at 25-26, 29-30, 39, 45, 52. Plaintiffs cannot make those showings, as Defendants have explained. *See* Defs.' S.J. Reply at 12-19. Nor, as Defendants reference in the contemporaneously filed Notice

Procedure Act ("APA") and to make the non-APA argument that the Lesson Plan "is not consistent with applicable provisions of this subchapter." 8 U.S.C. § 1252(e)(3)(A)(ii); *see Grace*, 2020 WL 4032652, at *8 (acknowledging an APA claim could be made under § 1252(e)(3)).[3] However, § 1252(e)(3) permits a challenge only to a statute, a regulation, a "written policy directive," a "written policy guideline," or a "written procedure," which "implement" § 1225(b), part of the expedited removal statute. 8 U.S.C. § 1252(e)(3)(A)(ii). Defendants have pointed out that Plaintiffs have failed to demonstrate that the Lesson Plan is any of those things. Defs.' S.J. Br. at 6-7; Defs.' S.J. Reply at 15-16.

*Grace* does not affect that conclusion. *Grace* noted that a particular USCIS "policy memorandum," issued "to provide guidance to asylum officers for determining whether a petitioner is eligible for asylum status in light of . . . *Matter of A-B-*," was a "policy directive," "policy guideline," or "procedure" under § 1252(e)(3)(A)(ii). *Grace*, 2020 WL 4032652, at *3 (cleaned up). *First*, the government did not dispute in *Grace* that the USCIS policy memorandum and the associated *Matter of A-B-* adjudication were a policy directive, policy guideline, or procedure—only that the memorandum and adjudication were not an "implementation" under the statute. Br. of Defs.-Appellants, 2019 WL 2387619, at *24-36 (D.C. Cir. filed June 5, 2019); *see Grace*, 2020 WL 4032652, at *5-6. The issue was thus not before the D.C. Circuit. *Second*, the USCIS policy memorandum itself purported to be a "policy memorandum" that "provides guidance" to officers. *Id.* at *5. *Third*, *Grace* explicitly cautioned, "We do not hold today that a

_____

of Supplemental Authority and Response to Plaintiffs' Notice of Supplemental Authorities, has the D.C. Circuit explicitly permitted § 1331 to be used as a source of jurisdiction in this context.

[3] To be clear, even if Plaintiffs can invoke § 1252(e)(3), they still have significant issues both in terms of statutory jurisdiction—e.g., showing the Lesson Plan is a rule or showing finality, *e.g.*, Defs.' S.J. Reply at 12-19—and on the merits, *e.g.*, *id.* at 19-23.

plaintiff may seek review of every [Board of Immigration Appeals] or Attorney General decision regarding asylum. Far from it, we hold only that the district court had jurisdiction to review *this* Guidance and that such jurisdiction extended to *A-B-* to the extent the Guidance incorporates *A-B-*." *Id.* at *8. Accordingly, *Grace* does not rescue Plaintiffs from their failure to demonstrate that the Lesson Plan is a "policy directive," "policy guideline," or "procedure" as contemplated in § 1252(e)(3)(A)(ii). Defs.' S.J. Br. at 6-7; Defs.' S.J. Reply at 15-16.

### B. "Implement[ation]" of § 1225(b).

Again, § 1252(e)(3) permits judicial review only over agency materials that "implement" § 1225(b). 8 U.S.C.§ 1252(e)(3)(A)(ii). Section 1225(b) discusses procedures for resolving credible fear claims made by certain inadmissible aliens; it references 8 U.S.C. § 1158, which provides the substantive asylum standard (e.g., how membership of a "particular social group" is determined). *Grace* found that the policy memorandum there had "implement[ed]" § 1225(b) because its "overarching purpose . . . is to interpret section 1158's phrase 'membership in a particular social group,' which Congress incorporated into section 1225(b) by defining 'credible fear of persecution' as 'a significant possibility . . . that the alien could establish eligibility for asylum under section 1158." 2020 WL 4032652, at *7. *Grace* emphasized that agency documents challenged under § 1252(e)(3) must be evaluated on a case-by-case basis. *Id.* at *8.

The Lesson Plan does not "implement" 8 U.S.C. § 1225(b), as required for § 1252(e)(3) review. That is because the Lesson Plan implements, if anything, DHS's training authorities under § 1103(a) or the substantive asylum and torture-protection standards under § 1158(a) and other statutes. The D.C. Circuit in *Grace* appears to have found the policy memorandum at issue in that case "implement[ed]" § 1225(b)(1) by virtue of the fact that the memorandum instructed USCIS employees on how to apply case law in "credible fear . . . adjudications." 2020 WL

5

4032652, at *5. Although the Lesson Plan does *relate to* the credible fear process, *Grace* does not necessarily mean that the Lesson Plan is an implementation. That is because, as *Grace* counseled, a court must carefully scrutinize each agency document on its own merits. *Id.* at *8. Second, unlike the policy memorandum in *Grace*, which explicitly demanded to be followed, *id.* at *5-6, the Lesson Plan (although deriving from underlying sources that are binding) is not *itself* binding within the agency, as Defendants have explained, Defs.' S.J. Br. at 31-35; Defs.' S.J. Reply at 21-23. The Lesson Plan is thus not an "implement[ation]" under § 1252(e)(3)(A)(ii).

## II.    Remedies.

The Court can issue only a determination. *E.g.*, Defs.' Supp. Br. on Remedies at 1-2 ("Defs.' Remedies Br.") (ECF No. 69). In the alternative, Defendants have requested remand without vacatur, and failing that, severance of any unlawful provisions in the Lesson Plan. *Id.* at 1. But in no case should the district court issue an injunction. *Id.* at 2; Defs.' S.J. Br. at 50-55.

*Grace* held that neither § 1252(e)(1) nor (f) *themselves* bar a court from issuing an injunction. 2020 WL 4032652, at *17-18. But the D.C. Circuit was clear that the scope of the remedies available to the district court depends on *why* the court finds the agency material unlawful. *Id.* If the court's decision rests on the agency material being "contrary to law" under § 1252(e)(3)(A)(ii), then the court may consider issuing an injunction among other appropriate remedies. *Id.* at *18. If the court's "decision rests on the agency's failure to satisfy the APA's 'requirement of reasoned decisionmaking,'" then the agency remains free to "attempt[] to remedy deficiencies in [its] explanations for these challenged policies and reissue[e] them." *Id.* (cleaned up). This is the same remedy as in any other APA case. *See Shays v. FEC*, 414 F.3d 76, 112 (D.C. Cir. 2005), *quoted in Grace*, 2020 WL 4032652, at *18. *Grace* did not state that the APA in such a situation permits an injunction, instead saying only, "unlike the district court,

which in addition to finding the condoned-or-completely-helpless standard and choice-of-law policy arbitrary and capricious, *enjoined them as contrary to law*, *we have not reached the latter issue*." 2020 WL 4032652, at *18 (emphasis added); *see* Defs.' Remedies Br. at 1-2; Defs.' S.J. Br. at 50-55. *Grace* explicitly vacated that injunction—as it had to, given the agency's ability to rectify the issues giving rise to the arbitrary or capricious holding. 2020 WL 4032652, at *18. Indeed, as Judge Moss recently concluded in another section 1252(e)(3) case, "the Supreme Court has cautioned that a district court vacating an agency action under the APA should *not* issue an injunction unless doing so would 'have [a] meaningful practical effect independent of [the policy's] vacatur.'" *L.M.-M. v. Cuccinelli*, No. 19-cv-2676, — F. Supp. 3d —, 2020 WL 985376, at *24 (D.D.C. Mar. 1, 2020) (emphasis added; alterations in original) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010); citing *O.A. v. Trump*, 404 F. Supp. 3d 109, 153-54 (D.D.C. 2019), *appeal filed*, No. 19-5272 (D.C. Cir.)).

Accordingly, if the Court finds jurisdiction and concludes that part of the Lesson Plan is unlawful because it was arbitrary or capricious or because it needed to have undergone notice-and-comment rulemaking, then the Court cannot issue an injunction. *See Grace*, 2020 WL 4032652, at *18. At most, the Court should then send the Lesson Plan back to USCIS to "remedy" the "deficiencies" the Court identifies. *Id.* That is essentially a remand—which, as Defendants have argued, should be accompanied only with a determination and without vacatur. Defs.' Remedies Br. at 2-4. That is especially warranted here, as a blanket injunction against the entire manual would cause the exact sort of "obvious confusion" about which Plaintiffs express concern. Pls.' Reply Memo. of Law in Support of Their Cross-Mot. for Summary J. at 29 (ECF No. 60); Defs.' Remedies Br. at 4 (explaining that a court should narrowly tailor remedies).

An injunction would also run contrary to the deference principles expressed in *Grace*. The panel concluded that *A-B-* and the USCIS policy memorandum's formulation of the standard for assessing the governmental role in private-party persecution was arbitrary and capricious. 2020 WL 4032652, at *9-11. However, *Grace* rejected the plaintiffs' argument to withhold *Chevron* deference from the Attorney General in construing the ambiguous term "persecution." *Id.* at *9-10. The panel held unlawful the standard adopted by the Attorney General and USCIS, but did so because the agencies did so "without acknowledging and explaining the change," and therefore "the Attorney General or USCIS" failed to "provide[] a reasoned explanation for the change." *Id.* at *11. *Grace* nonetheless emphasized that deference principles operate in the § 1252(e)(3) context, *id.* at *9-11, and in fact vacated the injunction ordered on that deference-based count, *id.* at *18. Here, too, USCIS's Lesson Plan concerns many provisions of immigration law which are ambiguous; the Court should extend the appropriate *Skidmore* deference to the Lesson Plan, even if not the *Chevron* deference used in *Grace*. *See, e.g.*, Defs.' S.J. Br. at 12, 38-41 (citing *Skidmore* deference); Defs.' S.J. Reply at 9, 24-28.

*Grace* has clarified the Court's options for remedies. But in no event, and for no claims, should any relief extend beyond the five Plaintiffs here, a principle of law underscored by the recent decision in *L.M.-M. See L.M.-M.*, 2020 WL 985376, at *24-25 (individuals absent from a § 1252(e)(3) challenge are "are not parties to this case," thus such parties are "beyond this Court's jurisdiction"); Defs.' S.J. Br. at 52-54; Defs.' S.J. Reply at 34-35. Section 1252(e)(1)(B) prohibits "certify[ing] a class under Rule 23." As the D.C. Circuit has explained, that means Congress did not "intend[] to permit actions on behalf of a still wider group of aliens, actions in which no class representative appears as a party and the plaintiffs are unconstrained by the requirements of [Rule] 23." *AILA v. Reno*, 199 F.3d 1352, 1359, 1364 (D.C. Cir. 2000). Yet the

prospective nationwide injunction sought by Plaintiffs, Am. Compl. Prayer for Relief ¶¶ 4-6 (ECF No. 6) (asking, *inter alia*, to enjoin the Lesson Plan and "related" guidance issued around the same time, and to declare unlawful *all* credible fear screenings conducted under the Lesson Plan), reaches the future credible-fear determinations of hundreds of thousands of aliens "none of whom are parties to the lawsuit," and "unconstrained by the requirements" of Rule 23, *AILA*. 199 F.3d at 1364. The district court in *Grace* stated, "Class-wide relief would entail an Order requiring new credible fear interviews for all similarly situated individuals, and for the government to return to the United States all deported individuals who were affected by the policies at issue in this case"—the same relief sought here. *Grace v. Whitaker*, 344 F. Supp. 3d 96, 144 & n.31 (D.D.C. 2018). However, citing § 1252(e)(1)(B), the court noted, "Plaintiffs do not request, and the Court will not order, such relief." *Id.* That ruling was not disturbed or addressed by the D.C. Circuit.

Separately, an injunction requires the five Plaintiffs to show that *they themselves* will be subject to the same harms again. That is because "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) (en banc); *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("The remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established."); *see also Coal. for Mercury-Free Drugs v. Sebelius*, 671 F.3d 1275, 1280 (D.C. Cir. 2012) ("[A] plaintiff who seeks prospective injunctive relief cannot establish standing based on past harm alone."). Plaintiffs, who are in § 1229a removal proceedings or have been removed, cannot obtain an injunction for non-party individuals to whom the Lesson Plan could conceivably affect in future credible fear screenings. *See Hodgers-Durgin*, 199 F.3d at 1045. These are reasons why, in light of *Grace*'s remedies rulings, the Court cannot issue an

injunction on several issues, and should decline to issue an injunction even where it is not categorically prohibited from doing so.

## II.     Stay Pending Issuance of Mandate.

Defendants respectfully request the Court to reinstate its stay until the D.C. Circuit issues the mandate in *Grace*. As both parties surely agree, the panel opinion in *Grace* does impact the instant case. Each side also lost on particular issues in that case. *See* 2020 WL 4032652, at *18 (affirming part and reversing in part). However, that opinion is not necessarily final, as both parties may petition the D.C. Circuit for panel reconsideration or rehearing en banc, or the Supreme Court for certiorari. Fed. R. App. 35, 40; S. Ct. R. 13. The time the mandate issues depends on whether such a petition is filed. Fed. R. App. 41(b). The Government's decision whether to file those petitions must be made by the Solicitor General. 28 C.F.R. § 0.20(a), (b).

The D.C. Circuit in *Grace* has not yet issued its mandate. *See* Docket, No. 19-5013 (D.C. Cir.) (last visited July 30, 2020). Both parties may still file such a petition, which, if granted, could materially alter, reverse, or vacate the panel decision in *Grace*. Thus, Defendants respectfully request that this Court stay the case until the D.C. Circuit issues the mandate, which ordinarily would not be issued before September 7, 2020, at the earliest, *see* Fed. R. App. 40(a)(1)(B), 41(b), and could come sometime afterwards, *see* Fed. R. App. 41(b), (d).

## CONCLUSION

While *Grace* narrows some of the issues in contention, it does not affect the bottom-line conclusion that Plaintiffs have serious and insurmountable issues concerning Article III jurisdiction, statutory jurisdiction, and the merits, including APA claims subject to myriad reviewability requirements like finality and being a "rule." The Court should grant Defendants' motion for summary judgment (ECF No. 31) or, in the alternative, stay this case pending issuance of the mandate in *Grace* to ensure the panel opinion is not vacated or modified.

Dated: July 31, 2020

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
Chief, Civil Division

PAUL CIRINO
Assistant United States Attorney
Civil Division
U.S. Attorney's Office
District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2529
Email: paul.cirino@usdoj.gov

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

/s/ *Steven A. Platt*
STEVEN A. PLATT
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4074
Fax: (202) 305-7000
Email: steven.a.platt@usdoj.gov

*Attorneys for Defendants*