# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA M. KIAKOMBUA, *et al.*,<br><br>                         Plaintiffs,<br><br>    – *versus* –<br><br>CHAD F. WOLF, *et al.*,<br><br>                         Defendants. | Case No. 1:19-CV-1872-KBJ |

**<u>PLAINTIFFS' MOTION TO ENFORCE THIS COURT'S OCTOBER 31, 2020 ORDER</u>**

Plaintiffs respectfully move the Court to enforce its October 31, 2020 order granting summary judgment to Plaintiffs (the "Order"), which, among other things, declared unlawful six policies promulgated by Defendants in the April 2019 and September 2019 "Credible Fear of Persecution and Torture Determinations" lesson plans (together, the "Lesson Plan"), vacated the two lesson plans in their entireties, and ordered Defendants to return previously deported Plaintiffs Sofia and Julia for new credible fear screenings "that do[] not rely upon the provisions of the Lesson Plan that this Court declared unlawful." Order, ECF No. 83 at 2. Rather than comply with the vacatur order in good faith, Defendants opted to ignore the Court's unambiguous directive and instead deliberately obscured their non-compliance from Plaintiffs and the Court, requiring the Court to order Defendants to discontinue use of the lesson plans a second time. Even after that admonition, Defendants have indicated that they will continue to apply the policies the Court held unlawful in credible fear screenings on the grounds that Defendants have now duplicated those policies in other documents that were not at issue in this case—most recently, in a final rule issued on December 10. *See* Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review, 85 Fed. Reg. 80,274 (Dec. 11, 2020) (to be codified at 8 C.F.R. pt. 208, 235, 1003, 1208, 1212, 1235, 1244). These post-judgment developments demonstrate that, notwithstanding the Order and this Court's holdings, asylum seekers who undergo credible fear screenings in the future, including Sofia and Julia, will be screened under the very standards this Court declared contrary to law.

Confronted with Defendants' attempts to avoid judicial review and accountability for their unlawful conduct, Plaintiffs seek an injunction of the six policies that this Court held unlawful in granting summary judgment to Plaintiffs. Absent such an injunction, Sofia and Julia are at risk of being subject again to the same unlawful policies they challenged in this case—

notwithstanding the fact that they prevailed. Plaintiffs therefore request that the Court enforce its Order to ensure that Sofia and Julia receive the relief they are due.

If the Court has any doubt that an injunction is warranted, Plaintiffs request that, in the alternative, the Court order Defendants to show cause that an injunction is unnecessary based on Defendants' plans regarding enforcement of the policies the Order declared unlawful. Pursuant to Local Civil Rule 7(m), Plaintiffs conferred with Defendants via email, and Defendants indicated that they oppose this motion.

## BACKGROUND

Plaintiffs filed this lawsuit after asylum officers found them each to lack a credible fear of persecution, thus subjecting them to immediate deportation, and claimed, among other things, that the credible fear policies contained in the Lesson Plan were unlawful. *See* First Am. Compl., ECF No. 6, ¶ 95; Suppl. First Am. Compl., ECF No. 85, ¶ 95. On October 31, 2020, this Court granted Plaintiffs' cross-motion for summary judgment and held that six of the policies challenged by Plaintiffs conflicted with the Immigration and Nationality Act. Mem. Op., ECF No. 84, at 53-76. The Court accordingly (1) declared the specified parts of the Lesson Plan unlawful, (2) vacated both the April 2019 and September 2019 lesson plan versions in their entireties, and (3) ordered that the government return Plaintiffs Sofia and Julia to the United States at the government's expense, for new credible fear screenings "that do[] not rely in any respect on the unlawful policies in the vacated Lesson Plan." *Id.* at 96.

Despite multiple requests from Plaintiffs that they share the steps taken to comply with the Court's orders, *see* Cox Decl. Ex. A, Defendants refused to confirm that they understood the lesson plans to be vacated, stating only that they were "no longer using the April 2019 *or* the September 2019 versions of the Lesson Plan [that Plaintiffs] challenged in court" and insisting

without elaboration that they were complying with the Order, *id.* Ex. A at 3. This refusal to provide basic information regarding implementation of the Order, along with reports that the unlawful policies were still being applied in credible fear interviews as described further below, prompted Plaintiffs to seek the Court's clarification that the Order required Defendants to produce the guidance sent to officers conducting credible fear interviews to demonstrate that the ordered relief had in fact occurred. *See* Pls.' Mot. to Clarify, ECF No. 86 at 2. The Court granted Plaintiffs' motion, ordered Defendants to provide Plaintiffs with the requested implementation guidance, and scheduled a status conference regarding Defendants' efforts to comply with the Order. *See* Minute Order dated Nov. 16, 2020. In response to the November 16 order, Defendants shared the implementation guidance with Plaintiffs, which included an email to asylum officers from the Asylum Chief that stated "the court vacated the April 2019 Credible Fear Lesson Plan in full, and prohibited asylum officers from relying on certain provisions in the September 2019 Credible Fear Lesson Plan" and attached a modified version of the September 2019 Lesson Plan with redactions purporting to correspond to the specific policies that the Court held unlawful. Cox Decl. Ex. B at DEF-000104.

  In a status conference the following day, counsel for Defendants represented to the Court that, notwithstanding all evidence to the contrary, Defendants understood both the April and September 2019 lesson plans to be vacated and had "issued a new revised lesson plan." Transcript of Nov. 17, 2020 Status Conference, ECF No. 88, at 4. Noting that counsel's representation contradicted the record, *see* Tr. 9-10, the Court ordered Defendants to "notify USCIS employees who are conducting or supervising credible fear interviews that the April 2019 and September 2019 versions of the Lesson Plan are both vacated in their entirety, and that these employees may not rely on any part of either the April 2019 version or the September 2019

3

version of the Lesson Plan in making credible fear determinations," pursuant to the Order, and to provide Plaintiffs with a copy of the notification within 72 hours.  Minute Order dated Nov. 17, 2020.  On November 19, nearly three weeks after the Court issued the Order, Defendants advised asylum officers to discontinue use of both lesson plans, as well as the redacted version purportedly issued in compliance with the Order.  Cox Decl. Ex. C.

Nonetheless, Defendants continue to give effect to the policies declared unlawful in this case by applying them in credible fear screenings.  Most recently, Defendants have attempted to codify some of the unlawful policies in the regulations regarding the credible fear screening process.  On December 11, 2020, Defendants issued a final rule entitled "Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review," which will amend the relevant regulations to, among other things, newly require asylum officers to consider discretionary factors—including but not limited to the possibility that the asylum seeker could avoid future persecution by relocating internally within his or her home country—at the credible fear stage.  *See* 85 Fed. Reg. 80,274, 80,390 (describing changes to be codified at 8 C.F.R. § 208.30(e)(1)(ii)); *see also* Pls.' Notice of Suppl. Authorities, ECF No. 70, at 2-3 (describing proposed change in the notice of proposed rulemaking); Mem. Op. at 65 (consideration of discretionary factors at the credible fear stage "plainly contradicts the unambiguous text of the INA").  The rule is scheduled to take effect on January 11, 2021, 85 Fed. Reg. at 80,274—well before Plaintiffs Sofia and Julia will be returned for their new, Court-ordered credible fear interview, *see* Cox Decl. Ex. E at 1.

In September 2020, Defendants began using the "Credible Fear Determination Checklist and Written Analysis" in credible fear interviews.  *See* Complaint, ECF No. 1, *M.D.C. v. Wolf*, Case No. 20-cv-3341 (D.D.C. Nov. 17, 2020); Cox Decl. Ex. D.  The checklist instructs asylum

officers to evaluate each element of the applicant's asylum claim and requires that the applicant establish each one. *See, e.g.*, Cox Decl. Ex. D at 1 ("If any of the elements [of Past Persecution] cannot be established, complete the information for *only* section(s) needed to support determination, STOP, and move to [Future Persecution section]").

## LEGAL STANDARD

This Court has the inherent authority to enforce its summary judgment order, and a motion to enforce should be granted where the "prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it." *Sierra Club v. McCarthy*, 61 F. Supp. 3d 35, 39 (D.D.C. 2014) (quoting *Heartland Hosp. v. Thompson*, 328 F.Supp.2d 8, 11 (D.D.C. 2004)); *see also Cobell v. Norton*, 225 F.R.D. 41, 48 (D.D.C. 2004) ("[I]t goes without saying that . . . this Court has inherent jurisdiction to enforce its prior directives" where the Court's order has been violated). "The court is generally the authoritative interpreter of its own remand." *Pub. Emps. for Env't. Responsibility v. Hopper*, 827 F.3d 1077, 1090 (D.C. Cir. 2016) (internal quotation marks omitted). In determining the meaning of its orders and whether an agency has failed to comply, the court is guided "not only by the text" of the order in question but also "by its relevant opinions." *Anglers Conservation Network v. Ross*, 387 F. Supp. 3d 87, 93 (D.D.C. 2019) (*citing City of Cleveland v. U.S. Fed. Power Comm'n*, 561 F.2d 344, 346-47 (D.C. Cir. 1977)).

## ARGUMENT

Defendants violated the Court's order by failing to vacate the September 2019 Lesson Plan until the Court intervened, and their continued implementation of the policies that the Court declared unlawful puts Plaintiffs Sofia and Julia at risk of being subjected to said policies during their new credible fear screenings and any subsequent administrative review, in direct contravention of the Court's order. An injunction of the unlawful policies is appropriate in light

of the post-judgment evidence of Defendants' non-compliance and is necessary to effectuate the relief ordered to Sofia and Julia.

*Defendants violated the Court's order.* The Court's order was unambiguous in its vacatur of both lesson plans, particularly after discussing the non-severability of the documents at length. Defendants plainly understood the meaning of the vacatur, as they instructed asylum officers the April 2019 Lesson Plan had been vacated in full and they could no longer rely in it. Inexplicably, however, Defendants stated in the same guidance to asylum officers that only portions of the September 2019 Lesson Plan had been vacated and that asylum officers could continue to use the hastily (and poorly) redacted version circulated by Defendants. This meant that Defendants did not comply with the Order for nearly three weeks, during which time asylum seekers continued to undergo credible fear screenings. While this was occurring, Defendants deliberately hid their non-compliance from Plaintiffs' counsel, including by refusing to share what they had done until the Court intervened. What is more, counsel for Defendants represented to the Court that Defendants did in fact understand both lesson plans to be vacated in full, even though the written guidance demonstrated that Defendants *were not* abiding by the Court's vacatur of the September 2019 Lesson Plan. This flagrant violation of the Court's order, underscored by counsel's misrepresentations to the Court and intentional misleading of Plaintiffs' counsel, are worthy of a contempt finding and sanctions, and are more than sufficient basis for this Court to take further action to enforce its order.

*Defendants continue to implement policies that this Court declared unlawful.* Following the Order, Defendants had the opportunity to comply in good faith and conform their conduct to the Court's declaration regarding the lawfulness of the policies outlined in the Lesson Plan. Instead, Defendants failed to comply with the unambiguous plain language of the vacatur order

6

and are reimplementing the same policies using different vehicles. Most egregiously, following the Court's order, Defendants have issued a new rule that will amend the existing credible fear regulations to require consideration of internal relocation during the credible fear screening—a policy that this Court held "plainly subverts the INA's two-stage asylum scheme." Mem. Op. at 63. Defendants have also declined to revise materials issued subsequent to the Lesson Plan that contained the same unlawful policies it had; as a result, Defendants continue to require asylum seekers to establish every element of their claim through use of the Checklist. And by adopting a blanket policy of refusing to reconsider negative credible fear determinations in light of this Court's ruling, they are requiring that asylum officers continue to give effect to the policies the Court held unlawful. Though Defendants' current practices are not an express violation of the Order's terms—which presumed that Defendants would act in good faith and abide by this Court's declaration that the policies are unlawful, without the need for a more coercive injunction to prohibit their continued application— they are indicative of Defendants' unwillingness to implement the Court's holdings and the intent to continue to apply standards that are contrary to law unless and until expressly prohibited. *Cf.* Mem. Op. at 85 (vacating the Lesson Plan over Defendants' objection that "the Court lacks the power to vacate the agency action and must instead craft a remedy that permits the agency to continue to act in flagrant violation of the law as the court has announced it to be with respect to anyone who has not been joined as a party in the case before the court").

*An injunction of the policies held unlawful is necessary to effectuate the Order.* Absent an injunction, Sofia and Julia will be subject to the policies this Court declared unlawful when they are administered new credible fear interviews upon their return, in violation of the Court's Order. The new credible fear rule will take effect on January 11, 2021, which, according to

Defendants, is earlier than Sofia and Julia will be permitted to travel to the United States. Similarly, Defendants are currently using the Checklist in all credible fear screenings.

Given Defendants' lack of good faith in implementing the Court's vacatur order and their admitted continued application of the policies this Court held unlawful, the Court's order to Defendants to return Sofia and Julia to the United States and to provide them with new credible fear screenings is insufficient to protect them from the continued application of the policies they challenged in this case. The Court's opinion made clear that the screenings Sofia and Julia were to receive must "not rely in any respect on the unlawful policies," Mem. Op. at 96; thus, Plaintiffs have not "received all relief required" by the summary judgment order, *Sierra Club*, 61 F. Supp. 3d at 39 (internal quotation marks omitted), and the evidence indicates that they will not receive that relief absent further action by the Court. An injunction of the polices the Court declared unlawful is appropriate to ensure that Defendants cannot circumvent the existing injunction requiring them to provide Sofia and Julia with credible fear screenings free of the unlawful policies contained in the now-vacated Lesson Plan. *See United States v. W. Elec. Co.*, 46 F.3d 1198, 1202 (D.C. Cir. 1995) ("At the request of the party who sought the equitable relief, a court may tighten the decree in order to accomplish its intended result." (quoting *United States v. United Shoe Mach. Corp.,* 391 U.S. 244, 252 (1968))); *see also* Mem. Op. at 92-93 (holding that Plaintiffs meet the four-factor test for injunctive relief).

To be clear, Plaintiffs do not seek an injunction of the new credible fear rule, the Checklist, or the RFR Guidance—each of which is the subject of legal challenges in other courts—or any other medium for Defendants' unlawful policies. Plaintiffs request only that the Court enforce its own order, a matter in which the Court's jurisdiction is incontestable, *see Peacock*, 516 U.S. at 356, to enjoin Defendants from continuing to hold asylum seekers,

including Sofia and Julia, to screening standards that this Court has already held violate the law. *Cf. Grace v. Barr*, 965 F.3d 883, 908-909 (D.C. Cir. 2020) (affirming the district court's permanent injunction of the application of the unlawful policies in credible-fear proceedings).

Plaintiffs have demonstrated that an injunction is warranted and necessary to give effect to the existing injunction in this case. If the Court has any doubt, however, Plaintiffs request that the Court order Defendants to show cause why an injunction should not issue.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court enforce its October 31, 2020 Order (ECF No. 83) and Memorandum Opinion (ECF No. 84) by enjoining Defendants from applying in future credible fear screenings the following policies:

1) Requiring applicants to identify more than significant evidence that the applicant is a refugee entitled to asylum;

2) Requiring screening officers to consider discretionary factors that are applicable only during the full asylum review process;

3) Placing a burden on applicants who suffered past persecution to show unchanged country conditions and the unavailability of internal relocation as prerequisites for a favorable credible fear determination;

4) Requiring that applicants provide evidence and facts that pertain to every element of their asylum claim;

5) Allowing screening officers to require corroboration of an applicant's testimony; and

6) Requiring screening officers to consider whether the noncitizen's home government has abdicated its responsibility to control persecution.

In the alternative, Plaintiffs request that the Court order Defendants to show cause why an injunction should not issue. A proposed order is attached.

Dated:  December 22, 2020

Respectfully submitted,

/s/ Deepa Alagesan

Justin B. Cox (D.D.C. Bar. No. 1004233)
INTERNATIONAL REFUGEE ASSISTANCE PROJECT
PO Box 170208
Atlanta, GA 30317
Telephone: (516) 701-4233
jcox@refugeerights.org

Deepa Alagesan (D.D.C. Bar No. NY0261)
Kathryn Austin (D.D.C. Bar No. NY0331)
INTERNATIONAL REFUGEE ASSISTANCE PROJECT
One Battery Park Plaza, 4th Floor
New York, New York 10004
Telephone: (516) 838-7044
dalagesan@refugeerights.org
kaustin@refugeerights.org

Maria Osornio
REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES
802 Kentucky Ave.
San Antonio, TX 78201
Telephone: (210) 226-7722
maria.osornio@raicestexas.org

*Attorneys for Plaintiffs*