IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIA M. KIAKOMBUA, *et al.*,

   Plaintiffs,

   v.

ALEJANDRO N. MAYORKAS, Secretary of Homeland Security, *et al.*,

   Defendants.

Civ. No. 19-1872 (JMC) (RMM)

**ORDER**

Upon consideration of the joint stipulation and motion of Plaintiffs Ana, Emma, Julia, and Sofia and Defendants for entry of an order modifying the Court's October 31, 2020 Order and awarding fees, it is hereby ORDERED that:

1. The Court's October 31, 2020 Order (ECF No. 83) is modified as set forth below:

    a. Plaintiff Julia must, within 60 days, contact U.S. Immigration and Customs Enforcement to begin the return process. However, if: (1) Julia fails to begin the return process by that deadline; or (2) Julia meets that deadline but at any point goes 30 calendar days without responding to a communication from the government on this topic; or (3) Julia meets that deadline but fails to appear at her interview at the U.S. Consulate without a prior request to re-schedule—then U.S. Customs and Border Protection will vacate Julia's May 2019 expedited removal order and Defendants will confirm the same, which would then automatically terminate the part of the injunction requiring Defendants to facilitate Julia's return to the United States and provide her with a credible fear screening that complies with the Court's

October 31, 2020 Order, and the U.S. Government would have no further obligations to Julia under this lawsuit. Defendants will provide confirmation that Julia's May 2019 expedited removal order has been vacated in a signed letter on U.S. Government letterhead, which will be filed under seal with the Court. The letter will specify that the expedited removal order has been vacated pursuant to a court order in the above-captioned case, in which Julia is a plaintiff.

b. If Plaintiff Julia returns to the United States pursuant to the process outlined in the Order requiring Defendants to facilitate Julia's return to the United States and process her in a manner that complies with the Court's October 31, 2020 Order:

   i. Defendants may choose to exercise their unreviewable discretion and place her in removal proceedings by issuing a Notice to Appear (NTA), which would satisfy Defendants' obligations to Plaintiff Julia under the modified injunction in their entirety.

   ii. If Plaintiff Julia is placed into expedited removal and expresses an intention to apply for asylum or a fear of persecution, torture, or return to her country, then she will be referred for a credible fear interview by Defendants, and the credible fear screening will be conducted in accordance with the Court's October 31, 2020 Order, including the following conditions:

      1. During Plaintiff Julia's credible fear screening, she will not be required to identify more than significant evidence that she is a refugee entitled to asylum.

      2. During Plaintiff Julia's credible fear screening, the screening officer will not be required to consider discretionary factors that are

       applicable only during the full asylum review process: *e.g.*, whether there is a fundamental change in circumstances such that Julia no longer has a well-founded fear of persecution or the ability to avoid future persecution by relocating to another part of Julia's country of nationality in assessing credible fear.

3. To the extent the screening officer does consider such factors during Plaintiff Julia's credible fear screening, the burden of proof will not be shifted to Julia to establish no fundamental change in circumstances or no possibility of internal relocation.

4. During Plaintiff Julia's credible fear screening, she will not be required to provide evidence and facts that pertain to every element of her asylum claim.

5. During Plaintiff Julia's credible fear screening, she will not be subject to a demand by the screening officer that she provide corroborating evidence in support of her testimony.

6. During Plaintiff Julia's credible fear screening, the screening officer will not be required to consider whether the government in Julia's home country abdicated its responsibility to control persecution.

2. Defendants shall pay Plaintiffs Ana, Emma, Julia, and Sofia attorneys' fees in the amount of $200,000.00 and costs in the amount of $639.00 pursuant to the parties' agreement.

3. Plaintiffs' pending motion to enforce (ECF No. 92), having been withdrawn by Plaintiffs, is terminated.

4. Any remaining claims for relief held by Plaintiffs Ana, Emma, Julia, and Sofia in this lawsuit (*see* ECF No. 85) are dismissed with prejudice pursuant to the November 22, 2023 stipulation of Plaintiffs Ana, Emma, Julia and Sofia and Defendants.

**IT IS SO ORDERED.**

DATED: November 27, 2023

                                               Hon. Jia M. Cobb
                                               United States District Judge